IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK ANTOINE NIXON, GC-5892,    )
       Petitioner,            )
                          )
         v.               )  Civil Action No. 09-876
                          )
JEFFREY A. BEARD, et al.,       )
       Respondents.         )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Mark Antoine Nixon for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Mark Antoine Nixon, an inmate at the State Correctional Institution at Graterford has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Nixon is presenting serving a five to ten year sentence imposed following his conviction, by a jury, of narcotics violations at No. CP-02-CR-0014356-2003, in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] This sentence was imposed on February 9,

---

[1] The petitioner is also serving a concurrent federal sentence of 103 months which was imposed in this Court on February 18, 2005 at Docket No.2:04-cr-00037.

1

2005.[2]

An appeal was taken to the Superior Court and that appeal was discontinued on July 25, 2005. On December 21, 2005, Nixon filed a post-conviction petition and that petition was denied on July 27, 2006.[3] An appeal was taken to the Superior Court and on April 3, 2007, the Superior Court affirmed the denial of post-conviction relief[4] and leave to appeal to the Pennsylvania Supreme Court was denied on September 27, 2007.[5] The petitioner subsequently filed a motion to reduce or modify his sentence which is presently pending in the Court of Common Pleas.[6].

The instant petition was executed on February 18, 2009 and in it, Nixon contends he is entitled to relief on the following grounds:

1. Conviction obtained by a violation of the protection against double jeopardy.

2. Denial of effective assistance of counsel.

3. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

4. Conviction obtained by action of grand or petite jury which was unconstitutionally selected and impaneled.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[2] See: Petition at ¶¶ 1-4 as supplemented by the Docket Sheet of the Court of Common Pleas.

[3] See: Common Pleas Docket CP-02-CR-0014356-2003.

[4] Id.

[5] Id. and Supreme Court of Pennsylvania Docket No. 174 WAL 2007.

[6] See: Petition at ¶ 11(a)(5).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court direct appeal was discontinued on July 25, 2005. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on March 11, 2005. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought timely post-conviction relief and that relief was ultimately denied on July 27, 2006 and the denial of post-conviction relief was affirmed by the Superior Court and leave to appeal to the Pennsylvania Supreme Court was denied on September 28, 2007. The instant petition was executed on February 18, 2009, or considerably beyond the one year period in which to seek relief expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no

3

factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

Accordingly, it is recommended that the petition of Mark Antoine Nixon for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: July 29, 2009                    United States Magistrate Judge

4

ORDER

AND NOW, this     day of    , 2009, for the reasons set forth in the foregoing
Memorandum, the petition of Mark Antoine Nixon for a writ of habeas corpus is dismissed,
without prejudice, and because reasonable jurists could not conclude that a basis for appeal
exists, a certificate of appealability is denied.

The petitioner is put on notice of this disposition and as mandated by United States v.
Randolph, 409 F.3d 155 (3d Cir.2005), is further ordered that on or before       , the petitioner
show cause, if any, why judgment should not be entered accordingly.

s/ Robert C. Mitchell
United States Magistrate Judge